

**Signed and Filed: August 19, 2011**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 10-11194DM
SHELDON DAMIAN SMITH,              )
                                   )
                        Debtor.    ) Chapter 13
_____)
SHELDON DAMIAN SMITH,              ) Adversary Proceeding
                                   ) No. 11-1041DM
                        Plaintiff, )
                                   )
v.                                 )
                                   )
KAISER FOUNDATION HEALTH PLAN INC.,)
a California corporation,          )
                                   )
                        Defendant. )
_____)
```

MEMORANDUM DECISION ON COMPLAINT FOR
VIOLATION OF THE AUTOMATIC STAY

On August 8, 2011, the court held a trial in this adversary proceeding. At the conclusion of trial the court announced its findings of fact on the record,[1] including a finding that Defendant Kaiser Foundation Health Plan Inc. ("Kaiser") had violated the automatic stay. The court took under advisement the issue of whether Plaintiff Sheldon Damian Smith ("Smith") had established that he was entitled to damages for emotional distress resulting from that violation. He had proven no other actual

---

[1] As authorized under Fed. R. Bankr. P. 7052.

-1-

damages.

In In re Dawson, 390 F.3d 1139, 1149 (9th Cir. 2004), the Ninth Circuit held that "to be entitled to damages for emotional distress under [11 U.S.C.] § 362(h) [now § 362(k)], an individual must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay (as distinct, for instance, from the anxiety and pressures inherent in the bankruptcy process)." Debtor has not sufficiently proven the existence of any of these elements.

"Fleeting or trivial anxiety or distress does not suffice to support an award [for violation of the automatic stay]; instead, an individual must suffer significant emotional harm." Id. Debtor testified that he suffered general anxiety and trouble sleeping. However, at the same time he received the letters from Kaiser, his home was subject to some sort of improper foreclosure and another creditor possibly violated the automatic stay. Debtor did not demonstrate that the anxiety and sleeplessness were due to the correspondence from Kaiser. In other words, he did not demonstrate a causal connection between significant harm (if any) and the violation of the automatic stay. Under Dawson, damages cannot be awarded given this lack of nexus.

From the foregoing the court concludes as a matter of law that Plaintiff may not recover anything from Defendant in this action. Counsel for Defendant should submit a form of judgment in its favor, with each side to bear its own costs. Counsel should comply with B.L.R. 9021-1.

\*\*END OF MEMORANDUM DECISION\*\*

Case: 11-01041    Doc# 37    Filed: 08/19/11    Entered: 08/19/11 15:52:54    Page 2 of 2